# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

FERID ALLANI,

       Plaintiff,

v.

GOOGLE LLC,

       Defendant.

Civil Action No.: 6:24-cv-00305-LS

## <u>DEFENDANT GOOGLE LLC'S MOTION TO DISMISS UNDER RULE 12(b)(6)</u>

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. BACKGROUND ...................................................................................................2

    A. The Asserted Patents........................................................................................2

    B. The Asserted Claims ........................................................................................3

    C. The Accused Products.......................................................................................5

III. LEGAL STANDARD............................................................................................6

IV. ARGUMENT ........................................................................................................7

    A. The Complaint Fails to State a Plausible Claim for Direct Infringement Because It Fails to Identify any Webpages as the Claimed "Pages." ...................7

    B. The Complaint Fails to State a Plausible Claim for Direct Infringement Because It Alleges No Facts Showing Any "Direct Access Icons For Directly Accessing an Information- or Service-Providing Web Site.".................11

        1. Allani's Infringement Allegations Fail Because Allani Has Not Identified Any "Direct Access Icons" that Directly Access a Website, as Required by the Claims. .........................................................11

        2. Allani's Direct Infringement Theory Contradicts the Arguments and Claim Amendments Allani Made to Obtain the Asserted Patents.........................................................................................14

    C. Google Cannot Infringe the Asserted Method Claim 27 of the '058 Patent Based on Its Alleged Sale, Offer to Sell, Make, and Import of the Accused Devices As a Matter of Law. .........................................................................18

V. CONCLUSION....................................................................................................19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### FEDERAL CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)...................................................................................................6

*ASK Sydney, LLC v. Amazon.com Servs., LLC*,
    688 F.Supp.3d 403 (W.D. Tex. Aug. 14, 2023)..........................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..............................................................................................6,19

*Biogen Idec, Inc. v. GlaxoSmithKline LLC*,
    713 F.3d 1090 (Fed. Cir. 2013)................................................................................15

*Bot M8 LLC v. Sony Corp. of Am.*,
    4 F.4th 1342 (Fed. Cir. 2021) ....................................................................................6

*Callicrate v. Wadsworth Mfg., Inc.*,
    427 F.3d 1361 (Fed. Cir. 2005)................................................................................17

*Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*,
    576 F.3d 1348 (Fed. Cir. 2009)................................................................................18

*Contiguity, LLC v. Conduent Bus. Servs., LLC*,
    2024 WL 252068 (W.D. Tex. Jan. 22, 2024) ............................................................6

*CyboEnergy, Inc. v. Altenergy Power Sys. USA, Inc.*,
    2023 WL 5968000 (W.D. Tex. Sept. 13, 2023).......................................................18

*HourExchange, LLC v. Student Loan Benefits, Inc.*,
    No. 1:22-CV-00356-RP, 2023 WL 139150 (W.D. Tex. Jan. 9, 2023) .....................14

*i4i Ltd. P'ship v. Microsoft Corp.*,
    598 F.3d 831 (Fed. Cir. 2010)..................................................................................18

*Joy Techs., Inc. v. Flakt, Inc.*,
    6 F.3d 770 (Fed. Cir. 1993) .....................................................................................18

*In re Katz Interactive Call Processing Pat. Litig.*,
    639 F.3d 1303 (Fed. Cir. 2011)................................................................................17

*LS Cloud Storage Techs., LLC v. Amazon.com, Inc.*,
    2023 WL 2290291 (W.D. Tex. Feb. 27, 2023).........................................................6

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009)...................................................................18

*Metricolor LLC v. L'Oreal S.A.*,
    791 F. App'x 183 (Fed. Cir. 2019) ...........................................................14

*Moba, B.V. v. Diamond Automation, Inc.*,
    325 F.3d 1306 (Fed. Cir. 2003)...................................................................19

*NTP, Inc. v. Research in Motion, Ltd.*,
    418 F.3d 1282 (Fed. Cir. 2005)...................................................................18

*United States ex rel. Riley v. St. Luke's Episcopal Hosp.*,
    355 F.3d 370 (5th Cir. 2004) .....................................................................14

*Vervain, LLC v. Micron Tech., Inc.*,
    2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ...................................... *passim*

## FEDERAL STATUTES

35 U.S.C.
    § 271(a) ...............................................................................................18,19

## FEDERAL RULES AND REGULATIONS

Fed. R. Civ. P. 8(a) ..........................................................................................19

Fed. R. Civ. P. 12(b)(6)....................................................................................15

Fed. R. Evid. 201(c)..........................................................................................15

## I.     INTRODUCTION

Plaintiff Ferid Allani's ("Allani's") Complaint fails to identify any facts that support two key limitations found in the two patents asserted in this case: U.S. Patent No. 8,271,877 (the "'877 Patent") and U.S. Patent No. 10,943,058 (the "'058 Patent") (collectively, the "Asserted Patents"). Indeed, the infringement theory identified in the Complaint contradicts an argument Allani made during prosecution of the '877 Patent.  Accordingly, Allani fails to state facts showing a plausible claim of patent infringement, and the Complaint should be dismissed.

Allani accuses Google mobile phones and the Google Android operating system of infringing at least claim 12 of the '877 Patent and claim 27 of the '058 Patent.  The asserted claims require that there be "pages" locally stored on an electronic device.  The "pages" provide links to other locally stored "pages" and also contain "direct access icons."  When a "direct access icon" is selected, it "directly accesses an information- or service- providing web site."  Although the Asserted Patents refer to "pages" as webpages, Allani's Complaint fails to identify any webpages in the accused Google products as the claimed "pages."  In addition, the Complaint fails to plead any facts showing a single instance where an alleged "direct access icon" found on a Google phone or Android operating system actually accesses a web site.  During prosecution of the '877 Patent before the Patent Office, Allani argued that accessing data from a remote server was different from directly accessing a website, but Allani now alleges that Google infringes because some apps on the mobile device, when selected, access data from a remote server.  Because the Complaint does not plead a plausible case of direct infringement, Google respectfully requests the Court dismiss the Complaint with prejudice.

Finally, Allani's allegation that Google infringes claim 27 of the '058 Patent, a method claim, by making, selling, offering to sell, and/or importing accused products is legally barred, and thus, those specific infringement allegations for claim 27 should also be dismissed with prejudice.

## II.     BACKGROUND

### A.     <u>The Asserted Patents</u>

The Asserted Patents are directed to a "method for accessing information sources and services on the Web" and a "device for implementing said method."  Dkt. 1-1 at 1:7-9; Dkt. 1-2 at 1:6-8.  Both patents claim priority to a French patent application that was filed in 1999, and both patents have expired.  The two patents share nearly identical specifications and recite similar claims.  *See generally* Dkt. 1-1, 1-2.

The Asserted Patents purport to solve the problem created by delays in retrieving content from websites, i.e., a collection of webpages, which cause lengthy response times and search durations.  Dkt. 1-1 at 1:36-45; Dkt. 1-2 at 1:35-44.  "The aim of the invention is to propose a method for accessing information sources and services on the Web, that is quicker and easier to use than the present methods for accessing information on the Internet."  Dkt. 1-1 at 1:65-2:1; Dkt. 1-2 at 1:64-67.  The Asserted Patents state that "this objective is reached with a method for accessing information sources and services on the Web, from a communication device connected through a communication network to the Internet network" that comprises:

- "one or more steps for displaying a page of selection among a plurality of selection pages organized within a structure of tree menu and beforehand locally stored within said communication device, each page of selection comprising a set of icons";

- for each "selection page," having "one or more icons for directly accessing remote sources of information" where the addresses for the remote sources of information are locally stored or locally generated; and

- "a step for emitting on the communication network, in response to a selection of an icon in a page of selection currently displayed, the address of a source of information corresponding to said selected icon."

Dkt. 1-1 at 2:4-26; Dkt. 1-2 at 2:3-24.

The Asserted Patents explain "by locally implementing preliminary selection steps in pages organized in a tree manner and operating as rolling menus, and by finally emitting on Internet only a complete address for accessing a well-targeted information source, the mean time duration observed for accessing searched information is drastically reduced." Dkt. 1-1 at 2:27-32; Dkt. 1-2 at 2:24-29. The claims asserted in the Complaint describe this key concept by requiring at least three "selection pages" be stored locally, with each page comprising one or more "selection icons" that lead to other locally stored pages, and one or more "direct access icons"[1] that directly access a website. *See* Dkt. 1-1, 6:23-32; Dkt. 1-2, 8:28-45. The Asserted Patents address the problems of long Web search durations and Web response times by locally storing, on a device, selection pages and the direct access icons which include addresses to other websites. This purported solution supposedly allows a user to perform some preliminary browsing and selecting of content before the device goes to the Internet to retrieve additional content, thus saving the user time. Thus, the existence of these locally stored webpages and "direct access icons" are critical to the claimed solution. Dkt. 1-1 at 2:27-32; Dkt. 1-2 at 2:24-29.

### B.    The Asserted Claims

Allani accuses Google of infringing "at least exemplary claim 12" of the '877 patent and "at least exemplary claim 27" of the '058 patent. Complaint ¶¶ 48, 60.

Claim 12 of the '877 Patent is directed to a "device" for "accessing information- or service-providing web sites" using "a plurality of selection pages each comprising a set of icons." The claim reads as follows (with relevant language emphasized):

12. A device for accessing information- or service- providing web sites comprising
a mobile communication device connectable through a communication network to

---

[1] The direct access icons can be, for example, icons for accessing merchant websites. Dkt 1-1 at 2:37-38; Dkt 1-2 at 2:34-35.

the Internet, control and processing device or devices, data storage device or devices, a display, and pointing and selection device or devices, said storage device or devices containing a plurality of selection *pages* each comprising a set of icons, characterized in that, for each said selection *page*, *the set of icons includes one or more direct access icons for directly accessing an information- or service-providing web site* and one or more selection icons for locally accessing another selection *page* within a structure of a tree menu, wherein at least one of said selection *pages* comprises *two or more direct access icons*,

and in that the control and processing device or devices are programmed for:

enabling a preliminary search locally performed within said communication device in different themes and sub-themes within a plurality of selection *pages* organized in said structure of tree menu and beforehand locally stored in said data storage means within said communication device, each said selection *page* comprising *a set of icons including one or more icons for directly accessing an information- or service-providing web site* and one or more selection icons for locally accessing and displaying on the display means another selection *page* within said structure of tree menu, and

emitting on the communication network, in response to selecting *a direct access icon* by the pointing and selection device or devices in a selection *page* being currently displayed, *an address of an information- or service-providing web site corresponding to said selected direct access icon*, said address being locally generated during the preliminary search and selection steps.

Dkt. 1-1 at 6:8-39.

Similarly, Claim 27 of the '058 Patent is directed to a "method" for "accessing information- or service-providing Web sites" using a "selection page" that is "organized in a tree menu structure and beforehand locally stored within [a] communication device" and "one or more direct access icons for directly accessing an information- or service-providing Web site." The claim reads as follows (with relevant language emphasized):

27. A method for accessing information- or service-providing Web sites, from a mobile communication device connected through a communication network and provided with a display, comprising:

a preliminary search for information or service, locally performed within said communication device in different themes and sub-themes within a plurality of successively displayed selection *pages*, said selection *pages* being organized in a tree menu structure and beforehand locally stored within said communication device, each said selection *page* being specifically designed to include a set of icons, said selection *pages* further comprising a first selection *page*, a second

4

selection *page* and a third selection *page*, said first selection *page* being specifically designed to include a selection icon for locally accessing said second selection *page*, and said second selection *page* being specifically designed to include a selection icon for locally accessing said third selection *page,* said third selection *page* being specifically designed to include *one or more direct access icons for directly accessing an information- or service-providing Web site*, and

emitting on the communication network, in response to a selection of a *direct access icon* in a selection *page* being currently displayed, *an address of an information- or service-providing web site corresponding to said selected icon*, said address being locally generated during said displaying and selection and *for directly accessing said information- or service-providing Web site*,

wherein:

at least one of said selection *pages* further being specifically designed to include one or more icons for directly accessing a search engine on the Web, and

the mobile communication device is a mobile phone.

Dkt. 1-2 at 8:24-58.

## C.    <u>The Accused Products</u>

The Complaint accuses of infringement a number of Google mobile phones and tablet computers (the "Accused Google Devices"), and Google software, including the Android operating system on the Accused Google Devices (the "Accused Google Software").  *See* Complaint ¶¶ 39, 42.  Allani attaches two claim charts purporting to map the language of claim 12 of the '877 Patent and claim 27 of the '058 Patent onto an "Android OS smartphone" identified as a "Galaxy smartphone."[2]  Dkt. 1-3 at 2-11.  These charts appear to show annotated images of a home screen displaying widgets for apps such as "Galaxy Store," "PlayStore," "Netflix," "YouTube Music," "Chrome," and "Weather," and words and images within those apps.  *Id.*

---

[2] In Allani's claim charts, you can see a grouping of apps labeled a "Samsung."  *See* Dkt. 1-3 at 4, 9.  This shows that Allani is relying on a Samsung Galaxy phone, not a Google phone, as evidence of infringement.  But Allani has not explained how Google can be held liable for direct infringement for features found on a Samsung device that Google does not make, use, sell, or offer to sell.

### III.    LEGAL STANDARD

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). It must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Contiguity, LLC v. Conduent Bus. Servs., LLC*, 2024 WL 252068, at *2 (W.D. Tex. Jan. 22, 2024). A complaint that alleges facts merely consistent with liability "stops short of the line between possibility and plausibility" and should be dismissed. *Twombly*, 550 U.S. at 557. To survive a motion to dismiss, "the complaint must support its entitlement to relief with 'factual content,' not just conclusory allegations that the accused product(s) meet every claim limitation." *Vervain, LLC v. Micron Tech., Inc.*, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (citing *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021)).

In a patent infringement case, the plaintiff must allege sufficient factual support for the material requirements of an allegedly infringed patent claim. *Bot M8*, 4 F.4th at 1353. A "plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements. There must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id*.

A greater level of detail may be required "depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id*. Courts in this District routinely dismiss complaints for failing to state facts plausibly showing that material limitations of asserted patent claims are met. *See, e.g.*, *Contiguity*, 2024 WL 252068, at *3; *ASK Sydney, LLC v. Amazon.com Servs., LLC*, 688 F.Supp.3d 403, 422 (W.D. Tex. Aug. 14, 2023); *LS Cloud Storage*

*Techs., LLC v. Amazon.com, Inc.*, 2023 WL 2290291, at *4 (W.D. Tex. Feb. 27, 2023); *Vervain*, 2022 WL 23469, at *5.

## IV.    ARGUMENT

### A.    The Complaint Fails to State a Plausible Claim for Direct Infringement Because It Fails to Identify any Webpages as the Claimed "Pages."

As explained in Section II, the Asserted Patents note the problem of delays in retrieving webpages from the Web, which cause lengthy response times and search durations.  Dkt. 1-1 at 1:36-45; Dkt. 1-2 at 1:35-44.  To purportedly solve this problem, the Asserted Patents teach using locally implemented webpages with selection steps organized in a tree manner.  Dkt. 1-1 at 2:27-32 ("Thus, by locally implementing preliminary selection steps in pages organized in a tree manner and operating as rolling menus, and by finally emitting on Internet only a complete address for accessing a well-targeted information source, the mean time duration observed for accessing searched information is drastically reduced."); Dkt. 1-2 at 2:24-29 (same).  This material requirement is found in the claims, which require that there be at least three locally stored pages on a device to facilitate the preliminary selection steps that are critical to the claimed invention. *See* Dkt. 1-1 at claim 12; Dkt. 1-2 at claim 27.

Consistent with the Asserted Patents referring to "pages" as webpages, the specification also describes a "welcome page" as a webpage.[3]  The Asserted Patents describe that, after a user selects a "direct access icon," a device generates the web address for the "welcome page."  *See* Dkt. 1-1 at 4:42-45; Dkt. 1-2 at 6:52-56.  "This address is then emitted (III) on the Web through the communication network to which the apparatus is connected, towards the concerned sire[4] [sic],

---

[3] A webpage is "the basic document page of the Web."  Declaration of Eugene Y. Mar in Support of Google's Motion to Dismiss ("Mar Decl."), Ex. D (U.S. Patent No. 6,970,867, a "cited reference" on the face of the '058 Patent) at 1:48-49.  A webpage is accessed and displayed by a web browser, such as Chrome or Internet Explorer.  Dkt. 1-1 at 1:12-16.
[4] In context, this appears to be a typo and should refer to a "site."

which, in return, sends a welcome page which is received (V) and displayed by the user…." Dkt. 1-1 at 4:46-49; Dkt. 1-2 at 4:57-61 (Roman numerals refer to Fig. 1); *see also* Dkt. 1-1 at 4:42-45; Dkt. 1-2 at 4:52-56 ("Then the user selects the icon ADn2 'Club of supporters' and the activation of this icon causes generating (II) the complete address of the welcome page for this site, given as a way of non-limitative example: http://site.com/--/--/--/--.htm"). By retrieving the welcome page from the Web, it is readily apparent that a "welcome page" is a webpage.

Similarly, the Asserted Patents describe embodiments of the selection pages as webpages. For example, the Asserted Patents explain that selection pages could have themes like sports. Dkt. 1-1 at 4:26-30; Dkt. 1-2 at 4:35-40. On the sports-themed page, there will be icons that lead to other selection pages with sub-themes like basketball. There are other icons termed "direct access icons" on the sports-themed page that lead to a website for a specific sports team. Dkt. 1-1 at 4:31-41; Dkt. 1-2 at 4:41-61. A page with icons that lead to other pages, whether it be locally stored webpages or an external website, describes the structure and functionality of a webpage.

However, Allani's Complaint fails to identify any webpages as the locally stored "pages." Allani only points to different aspects of the Android operating system user interface (UI), including home screens, screens within apps, and settings menus. None of these are webpages.

Allani included three examples in his claim charts.

Example 1 (Dkt. 1-3 at 4, 9)



In the first example, Allani has taken screenshots of a Samsung Galaxy smartphone and labeled them as a "First selection page (I)." *See* Dkt. 1-3 at 4, 9. However, these screenshots are from the Android operating system home screen for a Galaxy smartphone, where the user's apps appear. These are not webpages. Tellingly, the content is not displayed in a web browser. Thus, this example fails to illustrate the required "selection page."

Example 2 (*See* Dkt. 1-3 at 5, 10)



In the second example, Allani adds two additional citations to "selection pages." For the "2nd selection page (IIg)," Allani has expanded the view on the grouping labeled "Google" on the Galaxy smartphone home screen, again in the Android operating system. For the "3rd selection page (IIIm)," Allani has taken a screenshot of the welcome screen in the YouTube Music app. Neither the expanded view nor the screenshot from YouTube Music are webpages. For example, the content is not displayed by a web browser.

Example 3 (*See* Dkt. 1-3 6, 11)



In the third and final example, Allani has included a series of screenshots from the Weather app. For the "2nd selection page (IIw)," Allani includes three different views from the Weather App. For the "3rd selection page (IIIw)," Allani includes the settings menu from the Weather App. The content is not a webpage and is not displayed through a web browser.

Because Allani has failed to identify any webpages as the claimed "selection pages," the Complaint should be dismissed with prejudice.

**B.      The Complaint Fails to State a Plausible Claim for Direct Infringement Because It Alleges No Facts Showing Any "Direct Access Icons For Directly Accessing an Information- or Service-Providing Web Site."**

      **1.      Allani's Infringement Allegations Fail Because Allani Has Not Identified Any "Direct Access Icons" that Directly Access a Website, as Required by the Claims.**

One of the required elements of the claimed inventions is that a computing device locally stores "direct access icons" for "directly accessing an information- or service-providing web site."

*See* Dkt. 1-1 at claim 12 ("each said selection page comprising a set of icons including one or more ***icons for directly accessing*** an information- or service-providing web site…") (emphasis added); Dkt. 1-2 at claim 27 ("said third selection page being specifically designed to include one or more ***direct access icons*** for directly accessing an information- or service-providing Web [sic] site…") (emphasis added) (collectively, the "Direct Access Icons").  But, in each instance where the Complaint allegedly points to a "direct access icon" in the accused products, the alleged icons do not access a web site found on the Web.

Thus, the Complaint fails to recite a plausible theory of direct infringement.



First selection page  (I)

In Example 1, Allani points to the Galaxy Store, Play Store, Netflix and Google Maps as "Direct Access icons."  However, none of these access a web site; instead, they are all ***applications***—downloaded software programs—on a mobile device.  Allani has not identified any

web sites accessed by any of these apps.  Moreover, when any of these apps are selected, the mobile device opens a home screen *within* these apps.  Allani has not identified any facts showing these home screens within the apps are sites on the Web.  Also, the home screens are not displayed as a web page on a web browser, such as Chrome or Internet Explorer, and no corresponding URL (i.e. web address) is displayed.  Thus, this example does not allege any plausible infringement theory because it fails to identify any Direct Access Icons that directly access a web site.



1st selection page (I)          2nd selection page (IIg)          3rd selection page (IIIm)          Web page

In Example 2, Allani again identifies Google Maps as a "Direct Access Icon" (discussed above) and adds a reference to an image of Bob Marley as another "Direct Access Icon."  However, the Bob Marley image is not used "for ***directly accessing*** an information- or service-providing ***web site***."  Instead, when a user clicks on the image, the song "Everything's Gonna Be Alright" is played and the Marley image is enlarged.  Dkt. 1-3 at 5, 10.  This is evident from the screenshot showing the Bob Marley image in a section of the YouTube Music home screen called "Quick picks" under a feature known as "Start Radio From a Song."  Although Allani wrongly labeled the Marley image as a "Web page," that annotation on the exhibit cannot overcome the fact that the screenshot merely illustrates that a song is played and an image is enlarged, and does <u>not</u> show any direct access of a

website. *Cf. United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) ("If [a pleading asserts] an allegation [that] is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls."). Thus, this example does not provide any plausible infringement theory because it fails to identify any Direct Access Icons.

Allani's failure to allege any facts showing that the accused products meet the "direct access icon" limitation—a limitation that is central to the claimed invention—means that the Complaint fails to allege a plausible claim for infringement because an accused product can only infringe a patent if it practices every limitation of at least one claim. *See, e.g., Metricolor LLC v. L'Oreal S.A.*, 791 F. App'x 183, 188 (Fed. Cir. 2019) (agreeing with district court that patentee failed to plead direct infringement because "nothing in the complaint shows that the Accused Products contain the 'air-tight reclosing seal' / 'air-tight reclosable seal' required by the independent claims"); *HourExchange, LLC v. Student Loan Benefits, Inc.*, 2023 WL 139150, at *4 (finding that complaint should be dismissed where plaintiff had not alleged that defendant practiced any of the claims in either asserted patent) (W.D. Tex. Jan. 9, 2023), *report and recommendation adopted*, 2023 WL 11830026 (W.D. Tex. Mar. 9, 2023); *Vervain*, 2022 WL 23469, at *7 (finding that although the plaintiff provided an "element-by-element mapping," "[t]he facts alleged simply fail…to articulate why it is plausible that the accused product infringes the patent claim") (internal quotations and citations omitted).

### 2. Allani's Direct Infringement Theory Contradicts the Arguments and Claim Amendments Allani Made to Obtain the Asserted Patents.

When Allani applied for the '877 Patent, at one point, his draft claims recited that "each said selection page comprising a set of icons including one or more direct access icons ***for directly accessing remote sources of information or services***," rather than accessing web sites. *See* Mar

Decl., Ex. A (6/30/2011 Response at 2) (emphasis added).[5]  The patent examiner rejected those

draft claims, finding that a prior art patent (U.S. Patent No. 6,816,172; inventor named "Iki")

already taught the concept of accessing a remote source of information.  *See* Mar Decl., Ex. B

(3/31/2011 Non-Final Rejection) at 2 (examiner citing to col. 6, lines 18-20 and col. 7, line 62 to

col. 8, line 7 in Iki).  Among those citations, Iki specifically disclosed that entertainment system

data may be accessed and retrieved from "a ***web server*** at a location remote to the entertainment

system."  Mar Decl., Ex. C (U.S. Patent No. 6,816,172 "Iki") at 7:62-67 (emphasis added).  In

response, Allani amended his draft '877 Patent claims to specifically require "direct access icons

for directly accessing ***an information- or service-providing web site….***"  Mar Decl., Ex. A at 2

(emphasis added).  As a result of this amendment, a "direct access icon" must directly access a

web site, not simply access information from a remote server.  *See Biogen Idec, Inc. v.*

*GlaxoSmithKline LLC*, 713 F.3d 1090, 1095 (Fed. Cir. 2013) (holding that "when the patentee

unequivocally and unambiguously disavows a certain meaning to obtain a patent, the doctrine of

prosecution history disclaimer narrows the meaning of the claim consistent with the scope of the

claim surrendered" whether the disclaimer "take[s] the form of either amendment or argument").

   Allani's remarks explaining how his claim amendments distinguished Iki reiterated the

same point.  Specifically, Allani argued that "when a user selects a multimedia identifier in Iki's

graphical user interface, the query interface retrieves and displays entertainment system data from

the database, which data either already resides on the database ***or is transferred to the database***

***from a remote web server*** or from a component of the entertainment system, such as the television,

video player or compact disc player."  Mar Decl., Ex. A at 9-10 (emphasis added).  Allani then

---

[5] Courts may take judicial notice of government records, like prosecution history available on the U.S. Patent & Trademark Office's Public PAIR site, even when resolving a Rule 12(b)(6) motion." *See Vervain,* 2022 WL 23469, at *5 n.2; Fed. R. Evid. 201(c).

argued that Iki lacked any "direct access icons" because it did not access a web site: "[i]n contrast, independent claim 12 of the present application recites, *inter alia*, 'a plurality of selection pages . . ., each said selection page comprising a set of icons including one or more direct access icons *for directly accessing an information- or service-providing web site*.' … *Nothing in Iki describes or suggests those features*." *Id.* at 10 (emphasis added).

Despite what Allani told the Patent Office to obtain his patents, Allani's infringement theory now alleges the Galaxy Store, Netflix, and YouTube Music apps all qualify as "direct access icons" because they access a remote server (e.g. "remote server" and "music server"). *See* Examples 1 & 2 in Section IV(B)(1). Similarly, Allani's third example (shown below) alleges that the text "The Weather Channel" and "New York City"[6] in the settings menu are "direct access icons" because they allegedly access a remote "weather server."[7]

---

[6] Allani does not even allege this text accesses a web site.

[7] Allani's claim chart (Exh. 3.B) states: "A selection of a location direct-access icon within the 3rd selection page IIIw by the user results into [sic] emitting on the communication network an address of the weather Web site operating the *weather Application for Samsung*." Dkt. 1-3 at 7-8 (emphasis added). Conduct by Samsung cannot plausibly be alleged as direct infringement by Google. Yet Allani alleges that "Google infringes exemplary claim 27 of the '058 Patent by making, using, offering to sell, selling, and/or importing into the United States at least the Accused Instrumentalities as detailed in Exhibit 3.B." Dkt. 1 at ¶ 61. This is yet another reason the Complaint warrants dismissal.



These references to a series of apps allegedly accessing a remote server are what Allani disclaimed when he amended his claims in the '877 Patent, and it directly contradicts what Allani told the Patent Office to gain issuance of the '877 Patent. Allani must show that any "direct access icon" directly accesses a website, not just accessing a remote server. As a result, Allani's infringement theory must be dismissed because the Complaint does not adequately plead infringement of the claim limitation that was allowed by the Patent Office. *See Vervain*, 2022 WL 23469, at *9 (noting that a complaint must be plead with specificity when the claim limitations were critical to the issuance of the patents).

Likewise, because the '877 Patent is related to the '058 Patent and shares an almost identical specification, the claim phrase "direct access icons for directly accessing an information- or service-providing web site" must be interpreted and understood the same way across both asserted patents. *See In re Katz Interactive Call Processing Pat. Litig.*, 639 F.3d 1303, 1325 (Fed. Cir. 2011); *Callicrate v. Wadsworth Mfg., Inc.*, 427 F.3d 1361, 1369 (Fed. Cir. 2005) (applying

construction of term based on first patent to same term of different patent where the two patents were related and had identical specifications).  Accordingly, for all the reasons that Allani's '058 Patent allegations fail, his '877 Patent allegations also fail.

**C.      Google Cannot Infringe the Asserted Method Claim 27 of the '058 Patent Based on Its Alleged Sale, Offer to Sell, Make, and Import of the Accused Devices As a Matter of Law.**

Should the Court deny Google's motion on the grounds stated in Sections IV(A)-IV(B), the Court should dismiss Allani's allegations of direct infringement by Google in Count 2 for the allegations based on making, selling, offering to sell, or importing allegedly infringing devices. *See* Complaint, at ¶¶ 61, 65, & 67.  Count 2 alleges infringement of Claim 27 of the '058 Patent, a method claim, and as a matter of law, Google cannot directly infringe a method claim in any of those manners.

"To infringe a method claim, a person must have practiced all steps of the claimed method." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009) (citing *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993)).  "Congress has consistently expressed the view that it understands ***infringement of method claims under section 271(a) to be limited to use.***" *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1319 (Fed. Cir. 2005) (emphasis added). Indeed, this is the only logical interpretation of the statute, given that "[d]irect infringement occurs only when someone performs the claimed method."  *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 850 (Fed. Cir. 2010).  Making, offering to sell, selling, or importing a system capable of performing a method is not the same as performing that method.  *See, e.g., Cardiac Pacemakers, Inc. v. St. Jude Med., Inc.*, 576 F.3d 1348, 1359 (Fed. Cir. 2009) ("The law is unequivocal that the sale of equipment to perform a process is not a sale of the process.") (internal citations and quotations omitted); *see also CyboEnergy, Inc. v. Altenergy Power Sys. USA, Inc.,* 2023 WL 5968000, at *4 (W.D. Tex. Sept. 13, 2023) ("The sale or manufacture of equipment to perform a

claimed method is not direct infringement within the meaning of 35 U.S.C. § 271(a).") (quoting *Moba, B.V. v. Diamond Automation, Inc.*, 325 F.3d 1306, 1313 (Fed. Cir. 2003)).

Allani has failed to meet its obligation under Rule 8(a) to "state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570. The Court should therefore dismiss Count 2 of the Complaint for the allegations based on making, selling, offering to sell, or importing allegedly infringing devices.

## V. CONCLUSION

For the reasons stated above, Allani's Complaint should be dismissed in its entirety.

DATED: September 6, 2024                    Respectfully submitted,

JACKSON WALKER L.L.P.

*/s/ Katharine L. Carmona*
Katharine Lee Carmona
Texas State Bar No. 00787399
kcarmona@jw.com
100 Congress Avenue, Suite 1100
Austin, Texas 78701
(512) 236-2000
(512) 236-2002 (facsimile)

Nathaniel St. Clair, II
Texas State Bar No. 24071564
nstclair@jw.com
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
(214) 953-6000
(214) 953-5822 (facsimile)

Erica Benites Giese
Texas State Bar No. 24036212
egiese@jw.com
1900 Broadway, Suite 1200
San Antonio, Texas 78215
(210) 978-7700
(210) 978-7790 (facsimile)

FARELLA BRAUN + MARTEL LLP

Eugene Y. Mar
CA State Bar No. 227071 (*admitted to practice in W.D. Texas*)
Winston Liaw
CA State Bar No. 273899 (*admitted to practice in W.D. Texas*)
Daniel C. Callaway
CA State Bar No. 262675 (*admitted to practice in W.D. Texas*)
Victoria Constance Huang
CA State Bar No. 335557 (*admitted pro hac vice*)
One Bush Street, Suite 900
San Francisco, California 94104
Telephone:  (415) 954-4400
Fax:  (415) 954-4480
emar@fbm.com
wliaw@fbm.com
dcallaway@fbm.com
vhuang@fbm.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2024, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

*/s/ Katharine L. Carmona*
Katharine Lee Carmona