# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| FERID ALLANI, | CIVIL ACTION NO. 6:24-cv-305-LS |
|        Plaintiff, | █████████████ |
| v. | <span style="color:red">**PUBLIC VERSION**</span> |
| GOOGLE LLC, | |
|        Defendant. | |

## PLAINTIFF FERID ALLANI'S OPPOSITION TO DEFENDANT GOOGLE LLC'S OPPOSED MOTION TO TRANSFER

# TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................................... 1

II.    FACTUAL AND PROCEDURAL BACKGROUND ................................................................ 2

  A.   Google Has A Significant Presence In this District .................................................................. 2

  B.   Google Misidentifies Witnesses Who Have Responsibility For The Accused Products ................ 2

  C.   Google Fails To Identify Key Third-Party Witnesses Located In This District ............................ 4

  D.   Allani's Litigation Against Apple Gives Him A Connection To This District .............................. 5

III.    ARGUMENT ........................................................................................................................ 5

  A.   Google Has Not Met its Burden to Show that this Case Should be Transferred to NDCAL. ........ 5

    1.   The private factors do not favor transfer ........................................................................... 5

    2.   The public factors do not favor transfer ........................................................................... 14

IV.    CONCLUSION ..................................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49 (2013).............................................. 16

*Ecofactor, Inc. v. Google LLC*, No. 6-20-CV-00075-ADA, 2021 U.S. Dist. LEXIS 74187 (W.D. Tex. Apr. 16, 2021)............................................................................................................................. 11

*Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 U.S. Dist. LEXIS 171102 (W.D. Tex. Sept. 10, 2019) ................................................................................................................................................... 11

*In re Cloudflare, Inc.*, No. 2022-167, 2022 U.S. App. LEXIS 31871 (Fed. Cir. Nov. 18, 2022) .............. 7

*In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009)........................................................................... 14

*In re Radmax*, 720 F.3d 285 (5th Cir. 2013)...................................................................................... 11

*In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010) ........................................................................... 13

*In re Volkswagen of Am., Inc.* ("Volkswagen II"), 545 F.3d 304 (5th Cir. 2008) ...................................... 5

*Koss Corp. v. Apple Inc.*, No. 6-20-CV-00665-ADA, 2021 WL 5316453 (W.D. Tex. Apr. 22, 2021)..... 9

*Kuster v. W. Dig. Techs., Inc.*, No. 6-20-CV-00563-ADA, 2021 U.S. Dist. LEXIS 25256 (W.D. Tex. Feb. 9, 2021)................................................................................................................................... 10

*Mears Techs., Inc. v. Finisar Corp.*, No. 2:13-cv-376-JRG, 2014 U.S. Dist. LEXIS 56880 (E.D. Tex. Apr. 24, 2014)................................................................................................................................. 10

*Motion Offense, LLC v. Google LLC*, No. 6:21-cv-00514-ADA, 2022 U.S. Dist. LEXIS 181260 (W.D. Tex. Oct. 4, 2022).......................................................................................................... 9, 14, 15

*Norwood v. Kirkpatrick*, 349 U.S. 29 (1955)....................................................................................... 16

*PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 U.S. Dist. LEXIS 46296 (E.D. Tex. Mar. 21, 2013) .............................................................................................................. 13

*Rafqa Star, LLC v. Google LLC*, No. 6-22-CV-01207-ADA, 2023 U.S. Dist. LEXIS 164046 (W.D. Tex. Aug. 17, 2023) ................................................................................................................. 8

*RMail Ltd. v. DocuSign, Inc.*, No. 2:11-CV-299-JRG, 2012 U.S. Dist. LEXIS 57559 (E.D. Tex. Apr. 23, 2012) ................................................................................................................................ 9

*Scramoge Tech. Ltd. v. Apple Inc.*, No. 6:21-CV-00579-ADA, 2022 U.S. Dist. LEXIS 93597 (W.D. Tex. May 25, 2022) ......................................................................................................... 9

*Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 U.S. Dist. LEXIS 146375 (E.D. Tex. Aug. 14, 2018) ............................................................................................... 5

*VLSI Tech., LLC v. Intel Corp.*, 6:19-CV-000254-ADA, 2019 U.S. Dist. LEXIS 155287 (W.D. Tex. Aug. 6, 2019) .......................................................................................................... 16

*VoIP-Pal.com, Inc. v. Google LLC*, No. 6:20-cv-00269-ADA, 2022 U.S. Dist. LEXIS 175735 (W.D. Tex. Sep. 21, 2022) ........................................................................................... passim

**Other Authorities**

El Paso Division's Standing Order Regarding Notice of Related Case(s) dated September 29, 2003 ..... 13

## <u>TABLE OF ABBREVIATIONS</u>

| ABBREVIATION | TERM |
|---|---|
| VoIP-Pal | Plaintiff Ferid Allani |
| Google, LLC | Defendant Google LLC |
| The '877 patent | U.S Patent No. 8,271,877 |
| The '058 patent | U.S. Patent No. 10,943,058 |
| The patents-in-suit | The '877 patent and the '058 patent |
| WDTX | Western District of Texas |
| NDCAL | Northern District of California |
| The Apple case | Allani v. Apple, Inc., 6:2024-cv-00304 (W.D. Tex.) |
| PICs | Plaintiff's Preliminary Infringement Contentions dated January 29, 2025 |
| The '597 patent | U.S. Patent No. 6,252,597 |
| The '964 patent | U.S. Patent No. 5,963,964 |
| The '295 patent | U.S. Patent No. 6,544,295 |
| The '238 patent | U.S. Patent No. 6,505,238 |
| The '934 patent | U.S. Patent No. 6,037,934 |

## I.    INTRODUCTION

Google's Motion to Transfer should be denied because the NDCAL is not a clearly more convenient forum for resolving this dispute.  Google Motion's rests on selective facts, an incomplete declaration, and misleading assertions that cannot withstand scrutiny.  Google disregards its substantial and expanding footprint in this District, misidentifies witnesses, and ignores the ready accessibility of its documentary evidence from this District.  Particularly, it defies credulity that, according to Google, not one of its ███ employees in this District has anything to do with this case.

At the same time, Google's stance is not surprising.  Google's Motion follows a familiar pattern: limiting its investigation of the accused features and relevant employees in order to minimize its deep operational presence in this District while exaggerating its California connections through the vague, attorney-driven declaration of Mr. Andrew Cole.  Mr. Cole's declaration suffers from numerous deficiencies, including failing to identify where the Google employees who designed and developed the accused mobile applications work.  Compounding this lack of forthcomingness, Google instructed its 30(b)(6) designee, Justin Koh, not to answer dozens of questions aimed at discovering this information.  As in prior cases where Google has presented unreliable evidence of where its relevant employees are located, the Court should strike the Cole declaration, leaving Google with no basis to assert that the NDCAL is a clearly more convenient forum than the WDTX.

Moreover, Allani's pending related litigation against Apple in this District, involving the same patents and similar accused technology, reinforces the strong judicial and practical interest in maintaining venue here.  Transferring this case would waste the Court's and the parties' substantial efforts to date and risk inconsistent rulings on overlapping patent issues.  The Court also will likely bring this case to trial faster than the NDCAL.

For these reasons, and as further detailed below, the balance of the private and public factors either weighs against transfer or is, at best, neutral. Accordingly, this case should remain in the WDTX.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Google's skewed recitation of the case background omits material facts detrimental, if not fatal, to its Motion.

### A. Google Has A Significant Presence In this District

Google neglects to mention that it has a significant presence in Texas and in this District. Google has been registered to do business in Texas since 2006.[1] At least as of the filing of the Complaint, Google has offices at ███████████, Austin, Texas 78701 and ███████ ███, Austin, Texas 78702.[2] These offices house ███ and ███ Google employees, respectively.[3] Since 2019, Google has also held a lease to office space in a new 35-story, 804,000 square-foot landmark skyscraper at 601 W. Second Street, Austin, Texas 78701 that will dominate the Austin skyline.[4] The new Google building is expected to house 5,000 Google employees.[5] Google intends to move its Austin-based workforce into this building this year.[6] Google has stated that this move reflects its effort to "deepen [its] longstanding commitment to Texas and the local community."[7] Furthermore, Alphabet, Google's holding company, has a GFiber building in San Antonio, Texas.[8]

### B. Google Misidentifies Witnesses Who Have Responsibility For The Accused Products.

---

[1] Ex. 1.
[2] Ex. 2.
[3] *Id.*
[4] *See* Ex. 3; Dkt. No. 24 at ¶6.
[5] Ex. 4 at 6.
[6] Ex. 3 at 1-2.
[7] *Id.*
[8] *See* Ex. 5 at 15:10-14.

Google makes, has made, uses, has used, sells, has sold, offers for sale, and/or imports into the United States various Nexus and Pixel branded mobile phones and tablets.[9]  All Google Android mobile phones and tablets use Google's Android mobile operating system software.[10]  The Google Android mobile phones and tablets are sold with pre-installed mobile applications that are selectable via the user interface through on-screen icons.[11]  It is the icons associated with the pre-installed mobile applications, the user interface screens of the pre-installed mobile applications that are accessible via these icons, and the remote sources of information and services accessible via these icons that form the basis of Allani's PICs.

As shown in Allani's PICs, the home screen of the accused Android OS device contains icons associated with mobile applications that lead to other screens stored locally on the device.[12]  For example, the YouTube Music app icon leads to other locally stored screens that contain other icons.[13]  The icons within the YouTube Music app may either lead to other locally stored screens, such as the "Home" icon, or remote sources of information or services, such as the icons associated with possible music selection.[14]  Notwithstanding the substantial information provided to Google regarding its alleged infringement, to support its transfer request, Google misconstrues the accused features and identifies four technical witnesses and three marketing witnesses in the NDCAL who have no responsibility for any of the mobile applications identified in Allani's infringement contentions. Google's Motion also fails to identify any witnesses employed in a finance or accounting capacity who have responsibility for the accused products.  And, out of ███ employees in Austin, Texas, Google identified one witness who it claims has no knowledge of the ████████████████████.[15]

[9] *See* Dkt. No. 24 at ¶9; Dkt. No. 32 at ¶4.
[10] *See* Dkt. No. 24 at ¶¶40-41.
[11] *Id.*
[12] *See, e.g.*, Ex. 6 at PICs Ex. 1 at 2, 5, 6, 9, 13, 16, 17, 27.
[13] *Id.* at PICs Ex. 1 at 9.
[14] *Id.* at PICs Ex. 1 at 10.
[15] Ex. 2; Dkt. No. 32-1 at ¶14.

Allani even served amended PICs yet Google made no effort to update its declarant's investigation of the accused features.

Google's claim that relevant documents are created and maintained by employees in the NDCAL is also misleading.  Justin Koh, Google's 30(b)(6) designee, testified █████████ ████████████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████████████.[16]

Mr. Koh also testified that ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ██████████.[18]

## C.    Google Fails To Identify Key Third-Party Witnesses Located In This District

Google's claim that there are no known prior art witnesses located in Texas is demonstrably false.  In its invalidity contentions, Google relies on U.S. Patent No. 6,505,238 entitled "Method and System for Implementing Universal Login via Web Browser."[19]  The '238 patent identifies the inventor as Trung Mihn Tran residing in Round Rock, Texas, and he continues to reside there.[20] Additionally, in IPR2025-00856 and IPR2025-00857 filed by Apple against the patents-in-suit, Apple relies on U.S. Patent No. 6,037,934 entitled "Named Bookmark Sets" for all of its grounds of invalidity.[21]  The '934 patent identifies the inventors as Maria Azua Himmel and Herman Rodriguez, both residing in Austin, Texas.[22]  At least Mr. Rodriguez still resides in Austin.[23]

---

[16] Ex. 5 at 77:1-81:25.
[17] *Id.* at. 82:18-83:1.
[18] *Id.* at 87:22-91:25.
[19] Ex. 7.
[20] Exs. 7-8.
[21] Ex. 9 at 4; Ex. 10 at 4.
[22] Ex. 11.
[23] Ex. 12.

**D. Allani's Litigation Against Apple Gives Him A Connection To This District**

Contrary to what Google claims, Allani does have a connection to the WDTX by virtue of his prior pending litigation against Apple in this District.[24] Allani has committed substantial time and resources to the Apple case. Fact discovery is set to close November 26, 2025, and trial is scheduled to begin June 8, 2026.[25]

**III. ARGUMENT**

**A. Google Has Not Met its Burden to Show that this Case Should be Transferred to NDCAL.**

To determine whether a case should be transferred under 28 U.S.C. § 1404(a), courts must consider "whether a civil action 'might have been brought' in the destination venue," and if so, whether eight private and public interest factors justify the transfer.[26] The transferring court must also bear in mind that "[a]lthough a plaintiff's choice of venue is not a distinct factor in the venue transfer analysis, it is nonetheless taken into account as it places a significant burden on the movant to show good cause for the transfer."[27] Google has not and cannot show good cause that the NDCAL is a clearly more convenient venue.

**1. The private factors do not favor transfer.**

**The convenience of willing witnesses:**

*Google's Witnesses:* Google's transfer analysis primarily hinges on the alleged convenience of its witnesses to appear at trial in the NDCAL as opposed to the WDTX. But under Fifth Circuit venue law, the convenience of party witnesses is given little weight.[28] Google's party witnesses should also

---

[24] *See Allani v. Apple*, Case No. 6:24-cv-304-ADA (W.D. Tex.).
[25] *Id.* at Dkt. No. 18 (Ex. 13).
[26] *See In re Volkswagen of Am., Inc.* ("Volkswagen II"), 545 F.3d 304, 312 (5th Cir. 2008).
[27] *Id.* at 314, n. 10.
[28] *See Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442-JRG, 2018 U.S. Dist. LEXIS 146375, at *31-32 (E.D. Tex. Aug. 14, 2018).

be given no weight in the transfer analysis because Google's evidentiary showing is woefully deficient and should be struck.

Google's argument that the NDCAL is more convenient for its witnesses is based on the carefully worded supporting declaration of Andrew Cole and the self-limited venue discovery investigation conducted for this case on Google's accused products. Despite claiming to be a relevant witness, Mr. Cole left Google ███████████.[29] Google never advised Allani of his departure. In fact, Allani did not learn of his departure until after the close of venue discovery during the deposition of Google's 30(b)(6) designee Justin Koh. Mr. Koh ██████████████████████, so Mr. Cole's convenience should not count toward the transfer analysis.[30]

Even if Mr. Cole's alleged convenience is counted, it is apparent from Mr. Koh's deposition that Google has rigged the transfer analysis in its favor by misconstruing the accused products, and thereby misidentifying its potentially relevant witnesses. The Cole declaration expressly and unilaterally narrows the universe of accused features to certain aspects of ██████████████ ████████████████████████, including:

████████████████████████████████████████████████
████████████████████████████████████████████████
… .[31]

As discussed in Allani's concurrently filed Motion to Compel, Google improperly instructed Mr. Koh not to answer numerous questions regarding what these features actually are.

For example, Google's counsel instructed Mr. Koh not to answer questions about what ████████ is.[32] Google's counsel also refused to let Mr. Koh explain what functionality numbers (1)

---

[29] Ex. 5 at 28:4-11.
[30] Ex. 5 at 29:4-10.
[31] Dkt. No. 32-1 at ¶4.
[32] Ex. 5 at 50:3-51:5.

and (2) in the quoted language above are referring to.[33]  As such, Google obstructed Allani's ability to determine whether Google has identified the correct set of relevant Google witnesses for the transfer analysis.  All that can be determined is that Mr. Cole only identified witnesses who work on █████ ███████, whatever that is.  Accordingly, Mr. Cole did not investigate and therefore did not identify any witnesses who work on any of the mobile applications identified in Allani's infringement contentions, including YouTube Music, Weather, Play Store, and Maps.[34]  Indeed, Mr. Koh, ███ ████████████████████████████████████████████████████████████ testified that ██████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████████ ██████.[35]  By deliberately shielding this information through a vague and unduly narrow definition of the accused features and improper instructions not to answer, Google cannot show that the NDCAL is a more convenient forum for its witnesses because Google's identification of potentially relevant witnesses is plainly incomplete.[36]

This case is not the first time that Google has been less than forthcoming in venue discovery by providing a vague, incomplete, and generally unreliable declaration in seeking to transfer a case from this District to the NDCAL.  In *Rafqa Star, LLC v. Google LLC*, No. 6-22-CV-01207-ADA, 2023 U.S. Dist. LEXIS 164046 (W.D. Tex. Aug. 17, 2023), the Court found Google's attempt to limit the scope of accused features "troubling" and "improper":

> Google's attempt to exclude AR Core from the case and relevant evidence and witnesses located in the WDTX from the transfer analysis based on incorrect and misleading statements is improper. …  The Court finds that Google's argument that

---

[33] *Id.* at 56:25-60:16.
[34] *See, e.g.*, Ex. 6 at PICs Ex. 1.A at 2, 5, 6, 9, 13, 16, 17, 27.
[35] Ex. 5 at 9:22-12:24.
[36] *See In re Cloudflare, Inc.*, No. 2022-167, 2022 U.S. App. LEXIS 31871, at *4 (Fed. Cir. Nov. 18, 2022) (declining to disturb district court's finding that Defendant failed to show that the NDCAL was clearly more convenient where Defendant's declarant "had been unable to explain what criteria he used to determine how certain employees, largely residing in the transferee forum, were subject matter experts, while other employees in Austin were not.").

StreetView is not relevant is baseless. Google is trying to limit the scope of relevant information to avoid the clear connections of this case to the WDTX.[37]

Accordingly, the court struck the portions of the Google declarant's declaration that contend that employees who worked on the accused features as Google defined them are located in the NDCAL and would find travel there more convenient.[38]

In *VoIP-Pal.com, Inc. v. Google LLC*, No. 6:20-cv-00269-ADA, 2022 U.S. Dist. LEXIS 175735 (W.D. Tex. Sep. 21, 2022), the court noted several deficiencies in Google's venue declaration including failing to address whether the declarant attempted to locate employees with knowledge about sales or finance of the accused products, never concretely stating that there are no relevant employees in the WDTX, and failing to indicate that the declarant "searched and reviewed any corporate records, such as human resources files, job descriptions, annual performance reviews, emails of relevant keywords, or the like."[39]

The Cole declaration suffers from all of these deficiencies. First, the Cole declaration fails to address whether he attempted to locate employees with knowledge about sales or finance of the accused products. Although Google later provided some information regarding sales and finance employees in response to Allani's venue document requests, the information is limited by Google's unduly narrow view of the accused features.[40] Second, the Cole declaration merely states that ███████ ████████████████████████████████████████████████████████████████████ ████████████████████."[41] It does not concretely state that there are no relevant employees in the WDTX. Finally, the Cole declaration merely states that Mr. Cole performed an "investigation" but

---

[37] *See Rafqa Star, LLC v. Google LLC*, No. 6-22-CV-01207-ADA, 2023 U.S. Dist. LEXIS 164046, at *14-*15 (W.D. Tex. Aug. 17, 2023).

[38] *Id.* at *15-*16.

[39] *See VoIP-Pal.com, Inc. v. Google LLC*, No. 6:20-cv-00269-ADA, 2022 U.S. Dist. LEXIS 175735, at *12 (W.D. Tex. Sep. 21, 2022).

[40] Ex. 14 at 5, 12-13.

[41] Dkt. No. 32-1 at ¶13.

provides no details as to what that investigation entailed.  Mr. Koh also had ████████████ ████████████.[42]

In sum, the Cole declaration is simply another example of a "vague, attorney-driven declaration[] [that] frequently accompany transfer motions filed" in this District.[43]  As one court in this District has observed:

> These declarations offer conclusions derived from limited, attorney-supplied facts without ever explaining the investigation conducted to fully uncover the facts. The Court has grown weary of venue declarants who investigate only facts that support transfer and then, after failing to investigate adverse facts, simply declare that they have no personal knowledge of any facts that weigh against transfer.[44]

In light of the Cole declaration's deficiencies and Google's obstructionist conduct, the Court should strike the Cole declaration, or at a minimum, give no weight to the contested parts of the Cole declaration.[45]

The Court should also give little weight to the travel time information that Google submits in support of its Motion.[46]  Courts have recognized that travel time and cost often vary significantly depending upon when travel is considered, booked, and what resources were used to conduct the same.[47]  Moreover, Google's Austin offices ameliorate any inconvenience for its few witnesses located in the NDCAL who would need to travel to the WDTX.[48]  Also, any time these witnesses would spend

---

[42] Ex. 5 at 55:11-13.

[43] *See Motion Offense, LLC v. Google LLC*, No. 6:21-cv-00514-ADA, 2022 U.S. Dist. LEXIS 181260, at *4-*5 (W.D. Tex. Oct. 4, 2022) (*citing Scramoge Tech. Ltd. v. Apple Inc.*, No. 6:21-CV-00579-ADA, 2022 U.S. Dist. LEXIS 93597, at *6-*9 (W.D. Tex. May 25, 2022)).

[44] *Id.* at *5.

[45] *See VoIP-Pal.com*, 2022 U.S. Dist. LEXIS 175735, at *13 (*citing Scramoge Tech.*, 2022 U.S. Dist. LEXIS 93597, at *14 (finding it appropriate to give no weight to contested parts of the declaration of a repeatedly unreliable declarant)).

[46] Dkt. No. 31 at 7 (citing Exs. 7-13).

[47] *See RMail Ltd. v. DocuSign, Inc.*, No. 2:11-CV-299-JRG, 2012 U.S. Dist. LEXIS 57559, at *9 (E.D. Tex. Apr. 23, 2012).

[48] *See Koss Corp. v. Apple Inc.*, No. 6-20-CV-00665-ADA, 2021 WL 5316453, at *9 (W.D. Tex. Apr. 22, 2021) ("The Court strongly believes that the convenience of this new Austin facility, along with its existing Austin facilities, greatly minimizes the time that Apple's employees are removed from their regular work responsibilities.").

in transit to and from the airport would equally be spent in transit to and from the courthouse in the NDCAL.

*Allani's Witnesses:*  Although Google admits that the convenience of Allani is not a factor in the transfer analysis, Google's statements regarding Allani's convenience are incorrect and self-serving.[49]  Mr. Allani is 78 years old and lives overseas between Mauritius, Tunis, and Paris.[50]  He prefers to travel to the forum that is the closest to him, which is the WDTX.[51]  "The Fifth Circuit's 100-mile rule clearly states that inconvenience increases *in direct relationship to the additional distance traveled*.  The distance traveled [from Switzerland] is shorter to [the Court in Waco, Texas] than to the NDCA."[52]  Regardless of flight time, the distance that Mr. Allani will have to travel for trial if this case is transferred to the NDCAL will increase by several hundred miles.[53]  Also, the additional one-hour difference in time zones between this Court and the NDCAL will increase the difficulty in Mr. Allani overcoming jet lag.  According to the Mayo Clinic, it usually takes about a day to recover for each time zone crossed.[54]  Additionally, the cost of food and lodging is substantially less expensive in this District than in the NDCAL.[55]

*Third-Party Witnesses:*  Google's claim that there are no willing third-party witnesses in the WDTX is incorrect.  Allani has retained two technical consultants who reside in Austin, Josh Mathew and Devan Holley.[56]  Google may seek discovery from these witnesses, in which case Allani may need

---

[49] Dkt. No. 31 at 7.
[50] *See* Ex. 15 at 20:22-21:4.
[51] *Id.* at 26:12-25, 26:21-27:1.
[52] *See Kuster v. W. Dig. Techs., Inc.*, No. 6-20-CV-00563-ADA, 2021 U.S. Dist. LEXIS 25256, at *21 (W.D. Tex. Feb. 9, 2021) (emphasis in original) (internal citations omitted) (finding this factor weighs against transfer from Texas to California when plaintiff must travel from Switzerland).
[53] Ex. 22.
[54] *See*  https://www.mayoclinic.org/diseases-conditions/jet-lag/symptoms-causes/syc-20374027  (last visited October 3, 2025).
[55] *See, e.g., Mears Techs., Inc. v. Finisar Corp.*, No. 2:13-cv-376-JRG, 2014 U.S. Dist. LEXIS 56880, at *10 (E.D. Tex. Apr. 24, 2014) (finding food and lodging substantially less expensive in Marshall, Texas as opposed to San Francisco, California).
[56] Ex. 16 at 10-11.

them to bring them to trial.  Thus, for all the foregoing reasons, this factor weighs against transferring this case to the NDCAL.

**Access to sources of proof:**  "In considering the relative ease of access to proof, a court looks to where documentary evidence, such as documents and physical evidence, is stored."[57]  "[T]he question is *relative* ease of access, not *absolute* ease of access."[58]  Google fails to point to any relevant physical evidence located in the NDCAL.  Google fails to explain why electronic documents are not readily available to Google's ███ employees working in WDTX.  Indeed, when questioned about the types of documents referred to in the Cole declaration, Mr. Koh testified that ████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████.[59]  As noted above, Mr. Koh testified ██████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████.  As such, there is no difference in relative convenience in accessing Google sources of proof between the WDTX and the NDCAL.  Thus, this factor is neutral.[60]

**The availability of compulsory process:**

*Google's Third-Party Witnesses:*  Google has no basis to assert that its alleged prior art necessitates compulsory process in NDCAL.  The Court should reject Google's attempt to stack the transfer analysis with speculative prior art witnesses.  Google cherry picks three inventors from three patents (the '597 patent, the '964 patent, and the '295 patent) out of 84 publications and 17 prior art

---

[57] *See Ecofactor, Inc. v. Google LLC*, No. 6-20-CV-00075-ADA, 2021 U.S. Dist. LEXIS 74187, at *5 (W.D. Tex. Apr. 16, 2021) (quoting *Fintiv Inc. v. Apple Inc.*, No. 6:18-cv-00372, 2019 U.S. Dist. LEXIS 171102, at *5 (W.D. Tex. Sept. 10, 2019)).
[58] *See Ecofactor*, 2021 U.S. Dist. LEXIS 74187, at *5 (quoting *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013) (emphasis in original)).
[59] Ex. 5 at 77:1-81:25, 82:18-83:1, 87:22-91:25.
[60] *See Ecofactor*, 2021 U.S. Dist. LEXIS 74187, at *9.

systems identified in its preliminary invalidity contentions.[61] Google fails to explain why these three patents were plucked from the 84 publications identified in its invalidity contentions so as to require that venue to be transferred to obtain compulsory process. The court should discount the likelihood that Google will call its cherry-picked prior art witnesses because parties rarely call prior art witnesses to trial, and even if Google did, Google is statistically unlikely to select the three patents from among its 101 total candidates.[62]

Google's claim that it is not aware of a single non-party witness in the WDTX is demonstrably false. As noted above, the named inventor of the '238 patent, which Google identifies in its invalidity contentions, resides in Round Rock and is within the subpoena power of the Court.[63] Additionally, one of the named inventors of the '934 patent, which is asserted in the Apple IPRs, which Google is undoubtedly aware of, resides in Austin and is also within the subpoena power of the Court.[64] But because the parties are unlikely to call any of these witnesses to trial, this factor weighs against transfer or is neutral at best.

**Practical concerns in an expedient and inexpensive trial do not favor transfer:**

Contrary to what Google claims, transferring this case to the NDCAL will not promote judicial economy. This case has already been pending in this Court for over sixteen months.[65] Google waited almost eleven months before filing the instant motion. In that time, the parties have twice agreed on a proposed schedule,[66] exchanged their respective preliminary infringement and invalidity contentions, and exchanged their respective claim construction disclosures. Transferring this case will require the parties to redo all of this work in order to comply with the scheduling requirements and the Patent Local Rules of the NDCAL. Because the Court has not yet ruled on Google's pending motion to

---

[61] Ex. 17 at 11-16.
[62] *See VoIP-Pal.com*, 2022 U.S. Dist. LEXIS 175735, at *11.
[63] Exs. 7-8.
[64] Exs. 11-12.
[65] Dkt. No. 1.

dismiss, Google also will either need to answer the complaint or file another responsive pleading. As such, transferring this case will waste the time and resources that the parties and the Court have already invested in this case and further impede a speedy and inexpensive determination of this action.

Google's claim that Allani's co-pending litigation against Apple in this District involving the same patents and similar accused technology does not weigh against transfer lacks merit. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer."[67] "[W]here there is a co-pending litigation . . . involving the same patent-in-suit, . . . pertaining to the same underlying technology and accusing similar services, . . . the Federal Circuit cannot say the trial court clearly abuses its discretion in denying transfer."[68] Although the Court denied Allani's motion to reassign and relate the instant case to the Apple case, the Court did so because it found that the court rules did not require the Court to reassign the case, not because this case is not related to the Apple case.[69] Under the El Paso Division's Standing Order Regarding Notice of Related Case(s) dated September 29, 2003, "[a]ny action is related to another when: … (3) it involves the validity or infringement of a patent already in suit in that case … ."[70] In both cases, Allani accuses the defendants' smartphones and tablets and the operating systems for those smartphones and tablets of infringement of the same patents.[71] Also, both Apple and Google have already challenged the validity of the French parent of the patents-in-suit with the same prior art.[72] *See* Dkt. No. 1 at ¶¶34-37. Thus, the instant case involves common issues of claim construction, validity, and/or infringement of the same patents at issue in the

---

[66] Dkt. Nos. 29-30.
[67] *See VoIP-Pal.com*, 2022 U.S. Dist. LEXIS 175735, at *21-*22 (quoting *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 U.S. Dist. LEXIS 46296, at *20 (E.D. Tex. Mar. 21, 2013)).
[68] *See VoIP-Pal.com*, 2022 U.S. Dist. LEXIS 175735, at *21-*22 (quoting *In re Vistaprint Ltd.*, 628 F.3d 1342, 1346 n.3 (Fed. Cir. 2010)).
[69] Dkt. No. 20.
[70] El Paso Division's Standing Order Regarding Notice of Related Case(s) dated September 29, 2003.
[71] *See* Dkt. No. 24 at ¶¶39-46; Apple Case, Dkt. No. 1 at ¶¶40-47.

Apple case.  Indeed, Google represented that it did not oppose the filing of a Notice of Related Cases under the El Paso Order.[73]  If it did not make sense to reassign this case to another judge in this District involving the same patents-in-suit and similar accused technology, then it makes even less sense to transfer this case to an unknown judge in a foreign district that has no connection to the parties' dispute.  Doing so further increases the risk of inconsistent and conflicting results.

Google's reliance on *In re NetScout Sys., Inc.*, No. 2021-173, 2021 U.S. App. LEXIS 30500 (Fed. Cir. Oct. 13, 2021) and *In re Apple Inc.*, No. 2021-181, 2021 U.S. App. LEXIS 33788 (Fed. Cir. Nov. 15, 2021) is misplaced.  Those cases stand for the proposition that the co-pendency of related litigation cannot override other factors in the transfer analysis, not whether the co-pendency of related litigation itself weighs for or against transfer.  The Court may and should still find that this factor weighs against transfer but only assign an ordinary weight to this factor.[74]

### 2.    The public factors do not favor transfer.

**Court congestion:** "[T]he speed with which a case can come to trial and be resolved" favors WDTX.[75]  As noted above, this case has been pending for over 16 months and the parties will need to redo a substantial amount of work if this case is transferred to the NDCAL.  Thus, transferring the case at this stage of the litigation will create significant delays.[76]  Moreover, Google provides no evidence that the courts in NDCAL will get to trial on this case any sooner if venue is transferred.  Instead, Google merely relies on *In re Apple Inc.*, No. 2021-181, 2021 U.S. App. LEXIS 33788 (Fed. Cir. Nov. 15, 2021), which generally states that the WDTX and the NDCAL "show no significant different in caseload or time-to-trial statistics."[77]  But courts in this District have rejected "Google's suggestion [based on *In re Apple*] that, as a durable rule, that there are no longer any significant differences in

---

[72] Dkt. No. 24 at ¶¶34-37.
[73] Dkt. No. 12-2 at 5.
[74] *See Motion Offense*, 2022 U.S. Dist. LEXIS 181260, at *29-*30.
[75] *See In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009).
[76] *Contra* Dkt. No. 31 at 12.

caseload or time-to-trial statistics between the WDTX and the NDCAL."[78]  The Federal Circuit decided *In re Apple* nearly four years ago.  Indeed, the current Federal Judiciary statistics show that the that the median time to trial in the WDTX is faster than the NDCAL—33.9 months v. 34.5 months.[79] When considering just patent cases, however, the median time to trial in the WDTX is even faster than the NDCAL—26.2 months v. 32.4 months—despite having a larger patent caseload—4879 cases v. 3514 cases.[80]  Both the Federal Circuit and Congress have acknowledged a strong public policy favoring the quick resolution of patent disputes regardless of the nature of the patentee's business.[81] Therefore, the Court may and should weigh court congestion as a single factor against transfer that does not outweigh other factors.[82]

**Local interests:**  As noted above, Google has publicly stated that it has "longstanding commitment to Texas and the local community."[83]  Google has a significant presence in Texas and in WDTX, where Google arrived in 2007.[84]  Google has 2,303 employees in the WDTX split between two offices, and in 2019 leased almost 900,000 square feet of office space in a new landmark building that will dominate the Austin skyline.[85]  Google intends to occupy the entire 35-story structure this year.[86]  Google also plans to invest $1B in Texas this year on top of the $330M that it pledged to invest last year when this case was filed.[87]  Although Google claims that it designed and developed the accused products in the NDCAL, Google's claims are based solely on the Cole declaration, which, as

---

[77] Dkt. No. 31 at 12.
[78] *See Motion Offense*, 2022 U.S. Dist. LEXIS 181260, at *32-*33.
[79] Ex. 18.
[80] Exs. 19-20.
[81] *See Billjco*, 2022 U.S. Dist. LEXIS 35391, at *27 n.2.
[82] *See Motion Offense*, 2022 U.S. Dist. LEXIS 181260, at *36; *VoIP-Pal.com*, 2022 U.S. Dist. LEXIS 175735, at *24.
[83] Exs. 3.
[84] *See Motion Offense*, 2022 U.S. Dist. LEXIS 181260, at *37 ("'Google has been proud to call Texas home since 2007.  We [Google] remain deeply committed to our Texas roots . . . .'").
[85] Exs. 2-4
[86] Dkt. No. 24 at ¶6; Ex. 3.
[87] Ex. 21.

noted above, should be struck or at a minimum give no weight.  Therefore, this factor weighs against transfer.

**Transfer is not in the interests of justice:**  As the plaintiff, Allani has the privilege of selecting the forum.[88]  Google has a regular and established place of business in the District and cannot contest venue.[89]  The Court should not substitute Google's interests for the interests of justice to upset Allani's choice of forum.[90]

**The remaining public interest factors are neutral:**  Both districts are familiar with the uniform body of federal patent law overseen by the Federal Circuit, and there are no issues with conflict of laws or any foreign law.  Thus, as Google concedes, both of these factors are neutral.

## IV.    CONCLUSION

In conclusion, Google has not met its burden to show that the NDCAL is clearly a more convenient forum for the parties' dispute than the WDTX.  Accordingly, the Court should deny Google's Motion in its entirety.

Dated: October 6, 2025                       Respectfully submitted,


                                             By: /s/*Lewis E. Hudnell, III*
                                             Lewis E. Hudnell, III
                                             lewis@hudnelllaw.com
                                             Stanley H. Thompson, Jr.
                                             stan@hudnelllaw.com
                                             Hudnell Law Group P.C.
                                             800 W. El Camino Real Suite 180
                                             Mountain View, California 94040

---

[88] *See VLSI Tech., LLC v. Intel Corp.*, 6:19-CV-000254-ADA, 2019 U.S. Dist. LEXIS 155287, at *13 (W.D. Tex. Aug. 6, 2019).
[89] Dkt. No. 24 at ¶¶2-6.
[90] *See Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955) ("[p]laintiffs are generally afforded the privilege of bringing an action where he chooses."); s*ee also Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 63 (2013) ("plaintiffs are ordinarily allowed to select whatever forum they consider most advantageous . . . we have termed their selection the 'plaintiff's venue privilege.'") (citations omitted).

T: 650.564.3698
F: 347.772.3034

**ATTORNEYS FOR PLAINTIFF**
**FERID ALLANI**

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing PLAINTIFF FERID ALLANI'S OPPOSITION TO DEFENDANT GOOGLE LLC'S OPPOSED MOTION TO TRANSFER via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(b)(1) this 6th day of October, 2025.

By: */s/Lewis E. Hudnell, III*
Lewis E. Hudnell, III
lewis@hudnelllaw.com
Hudnell Law Group P.C.
800 W. El Camino Real Suite 180
Mountain View, California 94040
T: 650.564.3698
F: 347.772.3034